UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

D'WANNA WILLIAMS,
an individual,

    Plaintiff,

CASE NO:

vs.

CAS PROPERTY, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, D'WANNA WILLIAMS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues CAS PROPERTY, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

1

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, D'WANNA WILLIAMS (hereinafter referred to as "WILLIAMS") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. WILLIAMS suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and has had amputation of both of her legs and requires a wheelchair for mobility. Prior to instituting the instant action, WILLIAMS visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. WILLIAMS continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, CAS PROPERTY, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief CAS PROPERTY, LLC, (hereinafter referred to as "CAS") is the owner, lessee and/or operator of the real properties and improvements

that are the subject of this action, specifically: The Sonic Drive-In Restaurants located at 6625 Aaron Aronov Drive in Fairfield, Alabama; 3040 Allison Bonnett Memorial Drive in Hueytown, Alabama; and 732 Academy Road in Bessemer, Alabama (hereinafter referred to jointly as the "Restaurants").

5.  All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6.  On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.  Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurants owned and/or operated by CAS are places of public accommodation in that they are restaurants operated by a private entity that provides goods and services to the public.

8.  Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or

3

accommodations at the Restaurants in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurants owned and/or operated by CAS. Prior to the filing of this lawsuit, Plaintiff regularly visited the Restaurants at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurants, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurants in violation of the ADA. WILLIAMS has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. CAS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

**Fairfield Restaurant (6625 Aaron Aronov Drive)**

i. There is a single parking space with some indicia of accessibility, nearest the public toilet rooms, which lacks raised signage to designate it as such, and further lacks an adjacent access aisle for a wheelchair user to exit or enter a vehicle parked in this area;

ii. There is no accessible parking space provided for those wishing to dine in the outdoor dining area;

iii. The public toilet rooms lack accessible signage;

iv. The public toilet room lavatories lack knee and toe clearance for a wheelchair user due to the presence of base cabinets;

v. The mirrors in the public toilet rooms are too high for a wheelchair user;

vi. The flush valve on the men's water closet faces the narrow side of the toilet room, out of reach of a wheelchair user;

**Hueytown Restaurant (3040 Allison-Bonnett Memorial Dr)**

vii. There are two (2) parking spaces with some indicia of accessibility for ordering, neither of which has raised signage to designate it as accessible, nor an adjacent access aisle for a

|      |     |
| ---: | --- |
|       | wheelchair user to exit or enter a vehicle parked in either of these parking spaces; |
| viii. | The ramp leading to the outdoor dining area is located within a parking space such that it will be blocked by a vehicle parked in this parking space; |
| ix.   | The public toilet rooms have water closets that are too low for a wheelchair user; |
| x.    | The public toilet rooms lack side and rear grab bars at the water closet, which are necessary for a wheelchair user to transfer onto the water closets; |
| xi.   | The lavatories in the public toilet rooms lack knee and toe clearance necessary for a wheelchair user due to the presence of base cabinets; |
| xii.  | The mirrors in the public toilet rooms are too high for a wheelchair user; |

**Bessemer Restaurant (732 Academy Road)**

|       |     |
| ---: | --- |
| xiii. | The van accessible parking space that serves that outdoor dining area is not designated with raised signage; |

    xiv.      The parking space with some indicia of accessibility nearest the public toilet rooms lacks raised signage to designate it as such and also lacks an adjacent access aisle for a wheelchair user to exit or enter a vehicle parked in this area;

    xv.      The public toilet rooms are equipped with grab bars that are improperly located at various heights such that the rear grab bars are too high for a wheelchair user and the side grab bars are too low for a wheelchair user;

    xvi.      The mirrors in the public toilet rooms are too high for a wheelchair user;

    xvii.      The flush valve on the water closet in the men's toilet room faces the narrow side of the toilet room, out of reach for a wheelchair user;

    xviii.      The pipes beneath the lavatory in the men's toilet room are not insulated as necessary for a wheelchair user.

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Defendants that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed

by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Restaurants, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against CAS and requests the following injunctive and declaratory relief:

   A. That the Court declare that the properties owned and

      administered by Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 9th day of February, 2022.

Respectfully submitted,

By: ___*/s/ Edward I. Zwilling*___
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com